LEVY v. BROWN, United States Marshal, et al.

(Circuit Court, D. Washington, N. D., December 24, 1892.)

No. 223.

HUSBAND AND WIFE — COMMUNITY PROPERTY — LIABILITY TO EXECUTION FOR DEBTS OF HUSBAND.

Under the Washington statutes, denying to a husband alone the power to sell or incumber community real estate, but giving him the absolute disposition of community personal property, rents of community real estate are subject to execution for an individual debt of the husband.

At Law. Statutory proceedings by Eva Levy against Thomas R. Brown, United States marshal, and Ralph S. Hopkins, execution creditor, to establish her claim as owner of personal property levied upon to satisfy a judgment against her husband. Jury waived. Trial by the court. Findings and judgment for defendants.

J. B. Metcalfe, for plaintiff.
M. Gilliam, for defendants.

HANFORD, District Judge. The Code of this state contains a chapter relating to claims of third parties to property levied upon under an execution, authorizing a party other than the judgment debtor, who claims to be the owner, or entitled to have possession of property taken in execution, to retake the same from the officer, upon giving an affidavit alleging his title or right, and a bond conditioned that he

will appear in the court from which the execution issued, and make good his title, return the property, or pay its value to the officer. 2 Hill's Code, § 491 et seq. Under said chapter, after property has been claimed, the affidavit is deemed to be denied, and the question of title to the property is treated as an issue to be tried and determined in the court from which the execution issued. The plaintiff has, by an affidavit and bond, attempted to defeat a levy by the marshal upon certain property, under an execution issued out of this court upon a judgment in favor of Ralph S. Hopkins against her husband, H. Emanuel Levy, in an action by said Hopkins against said Levy to recover damages for a tort. The property levied upon consists of certain houses built by Levy upon property leased by him for an indefinite period, and rent money collected by the marshal from persons occupying said houses as tenants of said Levy. Other money on deposit in a bank to the credit of Levy, and made subject to the execution by notice of garnishment thereof, is also claimed by the plaintiff, which money, I find from the evidence, was collected for rent of real property to which the plaintiff appears by the record to have the legal title. From the testimony I find the houses levied upon and moneys collected by the marshal to be the community property of the plaintiff and said H. Emanuel Levy. The real estate referred to was acquired by purchase while the plaintiff and her husband were living together as husband and wife in this state, with money which they together borrowed for the purpose; and, in my opinion, it is their community property, although the evidence shows that the husband intended to bestow his interest therein as a gift upon his wife. The rent thereof is community personal property.

For the purpose of this decision, I assume that the debt for the collection of which the execution issued is not a community debt, and, under the decisions of the supreme court of this state, community real estate of the parties could not be subjected to this execution. But the decisions referred to interpret and give effect to the section of the Code which denies to a husband alone power to sell or incumber community real estate. Community personal property is not affected by said section of the Code, and by another section the husband is given the absolute power of disposition thereof. The decisions of the supreme court, as I understand the same, carefully observe a distinction between community personal property and community real property, corresponding to the distinction which the statute has made in the provisions thereof affecting the husband's power of disposition. It is my conclusion, therefore, that the plaintiff has failed to establish her claim of title, and judgment must be rendered for the defendants.